Gen. 343]    343

# MUNICIPALITIES

ANNEXATION − STATUTORY CONSTRUCTION − PRIORITY OF CONFLICTING LAND DESCRIPTIONS IN MUNICIPAL ANNEXATION RESOLUTION

July 12, 1994

*The Honorable Margo G. Bailey*
*Mayor of Chestertown*

You have requested our opinion concerning a discrepancy in a description in a municipal annexation resolution. Specifically, you ask whether the description of land by property boundary calls prevails over a description by courses and distances.

For the reasons stated below, we conclude as follows: Although the Municipal Annexation Law requires a description by courses and distances, if, as here, an annexation resolution also contains a description by boundary calls and there is a discrepancy between the two, the description by boundary calls prevails.

## I

### The 1988 Annexation Resolution

In 1988, the Mayor and Council of Chestertown passed a resolution annexing certain territory. The description of the territory by courses and distances includes land that is not included in the description by calls to certain property. The town attorney, Paul M. Bowman, has reviewed the record to ascertain the intent of the Mayor and Council and has consulted with the original surveyor as well as an independent surveyor. Relying on the general rule that a boundary call ordinarily prevails over a courses and distances description, Mr. Bowman has concluded that the description by property calls represents the boundary line. However, another attorney, Philip W. Hoon, has argued that this common law rule has been superseded by a requirement of the annexation law that the description be by courses and distances. You have asked for our opinion on the applicable law.

A description by courses and distances means that the real estate is described by "setting forth the distances in one direction as a boundary, followed by other distances and the direction thereof until the entire parcel has been described." *Black's Law Dictionary* 352 (6th ed. 1990). *See Block v. Howell*, 346 N.E. 2d 441, 445 n.2 (S.D. 1984). A description by boundary calls indicates the boundaries by reference to "[a] visible natural object or landmark designated in a ... conveyance of lands, as a limit or boundary to the land described, with which the points of surveying must correspond." *Black's Law Dictionary* at 204.

## II

### Priority of Inconsistent Descriptions

Under the Municipal Annexation Law, annexation may be initiated by a municipal governing body or by petition. Article 23A, §19(b) and (c) of the Maryland Code. In either event, annexation is accomplished by the passage of a resolution by the governing body. Article 23A, §19(b), (c), and (e). Such a resolution "shall describe by a survey of courses and distances, and may also describe by landmarks and other well-known terms, the exact area to be included in the change." §19(b) and (c).

This provision was enacted in 1955 as part of the legislative implementation of the Municipal Home Rule Article, Article XI-E of the Maryland Constitution, and has not been amended. *See* Chapter 423, Laws of Maryland 1955 at 700. Although this implementing legislation was recommended by the Legislative Council, there is no explanation of this particular provision in the Council's report. *See* Legislative Council, *Report to the General Assembly of 1955* at 205, 209, and 354-55.

In interpreting the Municipal Annexation Law, this office has viewed as mandatory the provision that the annexation resolution describe the territory to be annexed by courses and distances. 68 *Opinions of the Attorney General* 281, 282-83 (1983). Subsequently, the Court of Special Appeals also characterized this provision as mandatory. *Town of New Market v. Milrey, Inc.,* 90 Md. App. 528, 547, 602 A.2d 201 (1992). The reasons for requiring "an exact description" is to alert affected persons so that they can exercise their rights under the annexation law. 90 Md. App. at 548. While recognizing that "precise mathematical certainty" may not be required, the Court held that a courses and distances description that

failed to close by 526 feet did not meet the requirements of the statute. 90 Md. App. at 547. Moreover, a resolution amending the description had to be passed in accordance with the statutory requirements for passage of the original resolution. 90 Md. App. 539-41 and 545.

In the *New Market* case, the resolution contained only a courses and distances description. 90 Md. App. at 531 and 540. Thus, the issue of conflicting descriptions in a resolution was not before the Court. Moreover, the Court seemed to suggest that if an adequate description could have been ascertained from the resolution, the result could have been different. 90 Md. App. at 548-49.

The common law rule is that in construing an instrument to determine a boundary, a call to an adjoining boundary generally prevails over courses and distances. *Zawatsky Construction Co., Inc., v. Feldman Development Corp.*, 203 Md. 182, 187, 100 A.2d 269 (1953); *Marquardt v. Papenfuse*, 92 Md. App. 683, 699, 610 A.2d 325 (1992), *cert. denied*, 328 Md. 93 (1992); *Ski Roundtop, Inc. v. Wagerman*, 79 Md. App. 357, 367, 556 A.2d 1144 (1989). The reason for the common law rule is that "[c]alls for monuments, natural or artificial, ... are usually preferred for greater certainty, that is to say, because a surveyor on the ground might more readily make a mistake in reading an angle or chain, or in transferring the figures to his notes or to a plat, than in describing a fixed mark." *Wood v. Hildebrand*, 185 Md. 56, 60-61, 42 A.2d 919 (1945).

Under Article 5 of the Maryland Declaration of Rights, "the Inhabitants of Maryland are entitled to the Common Law ..., according to the course of that Law ...." To be sure, the General Assembly is free to alter or supplant a common law rule, but statutes are presumed not to do so. *Hardy v. State*, 301 Md. 124, 131, 482 A.2d 474 (1984). Indeed, the presumption is that "the legislative body did not intend to make any alteration of the common law other than what is plainly stated." *Bradshaw v. Prince George's County*, 284 Md. 294, 302, 396 A.2d 255 (1979). *See also, e.g., Lutz v. State*, 167 Md. 12, 15, 172 A. 354 (1934).

In our view, the language in Article 19(b) and (c) is not sufficient to overcome this presumption. Although a description by courses and distances is mandatory, the statute simply does not address the situation when an annexation resolution does contain an

optional description by boundary calls and the two descriptions are inconsistent.

In such a situation, the General Assembly should be understood to have intended the common law rule to apply. The purpose of the statutory provision, after all, is to achieve an accurate delineation of the affected property. *New Market*, 90 Md. App. at 548. Since the courts have concluded that a description by boundary calls is likely to be more accurate, we attribute that judgment to the General Assembly as well. *See, e.g., Harris v. State,* 331 Md. 137, 150, 626 A.2d 946 (1993); *Bingman v. State*, 283 Md. 115, 127, 400 A.2d 765 (1979).

## III

## Conclusion

In summary, it is our opinion that a description of territory by boundary calls in a municipal annexation resolution prevails over a conflicting description by courses and distances.

> J. Joseph Curran, Jr.
> *Attorney General*
>
> Richard E. Israel
> *Assistant Attorney General*

Jack Schwartz
*Chief Counsel*
  *Opinions & Advice*